**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DOMINIC MOYA,

    Plaintiff-Petitioner,

v.                                                           No.   CV 16-688 WJ/CG
                                                                                 CR 09-761 WJ

UNITED STATES OF AMERICA,

    Defendant-Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Dominic Moya's *Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255* (the "Motion"), (CV Doc. 3), filed June 23, 2016; Respondent United States' *Response to Defendant's Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255* (the "Response"), (CV Doc. 11), filed December 20, 2016; and Petitioner's *Reply to United States' Response to Respondent's Motion to Vacate, Set Aside, or Correct Sentence* (the "Reply"), (CV Doc. 13), filed January 11, 2017.[1] United States District Judge William P. Johnson referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (CV Doc. 4). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED**.

### I.    Background

On January 11, 2010, Petitioner pled guilty to Possession with Intent to Distribute Five Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Documents referenced as "CV Doc.__" are from case number 16-cv-688-WJ-CG. Documents referenced as "CR Doc.__" are from case number 09-cv-761-WJ.

(b)(1)(B). (CV Doc. 11 at 1). Because Petitioner was found to be a career offender, his Guideline range was 188-235 months. (CV Doc. 3 at 3). Without the career offender enhancement, his Guideline range would have been 92-115 months. (CV Doc. 3 at 3-4). Petitioner was ultimately sentenced to 180 months imprisonment pursuant to a plea agreement. (CV Doc. 11 at 2).

According to his presentence report ("PSR"), Petitioner qualified as a career offender because he had "at least two prior felony convictions of . . . a crime of violence." United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") Section 4B1.1 (2010); (CR Doc. 71 at 4-5). When Petitioner was sentenced, "crime of violence" included any crime that "is burglary of a dwelling . . . *or otherwise involves conduct that presents a serious risk of physical injury to another.*" U.S.S.G. § 4B1.2(a)(2) (2010). The italicized portion of the definition is known as the residual clause. *See U.S. v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). In Petitioner's case, the PSR determined that Petitioner's convictions for residential burglary in New Mexico qualified as crimes of violence. (CV Doc. 11 at 14). In particular, Petitioner was convicted of "enter[ing] a dwelling house with intent to commit any felony or theft therein." N.M. STAT. ANN. § 30-16-3(A) (West 2016).

Petitioner now challenges his sentence following the Supreme Court of the United States' decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). First, Petitioner argues that "residential burglary" in New Mexico is not the same as "burglary of a dwelling" under the Guidelines because New Mexico defines "dwelling" more expansively than "dwelling" in the Guidelines. (CV Doc. 3 at 2, 10). Petitioner claims his convictions for "residential burglary" are only crimes of violence under the residual

clause. In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. Petitioner maintains that, following *Johnson*, the Guidelines' residual clause is also void for vagueness; therefore, he argues, he is entitled to be resentenced. (CV Doc. 3 at 2).

Respondent counters that *Johnson* applies only to the ACCA and does not affect the Guidelines. (CV Doc. 11 at 3-4). Further, even if *Johnson* does apply to the Guidelines, Respondent argues that *Johnson* only applies prospectively on direct appeal–not retroactively on collateral review, such as in this case. (CV Doc. 11 at 4-11). Finally, Respondent maintains that "residential burglary" is substantially the same as "burglary of a dwelling;" so, even if *Johnson* applies to the Guidelines, Petitioner is still ineligible for relief because he was not deemed a career offender in reliance on the residual clause. (CV Doc. 11 at 11-15).

Thus, the issues before the Court are (1) whether "residential burglary" in New Mexico meets the generic definition of the enumerated offense of "burglary of a dwelling" or is only a crime of violence under the residual clause; (2) if residential burglary is only a crime of violence under the residual clause, whether *Johnson* applies to the Guidelines; and (3) if *Johnson* applies to the Guidelines, whether it applies retroactively on collateral review.

**II.   Analysis**

a. <u>Standard of Review under 28 U.S.C. § 2255</u>

28 U.S.C. § 2255 provides that federal prisoners may challenge their sentences if: (1) their sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the

3

sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). If the court finds that a sentence infringed upon the prisoner's constitutional rights and is subject to collateral review, the court must vacate the sentence and discharge, resentence, or correct the sentence as the court believes appropriate. § 2255(b).

b. *Method of Analysis*

"The definition and scope of the enumerated offenses are questions of federal law." *U.S. v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009). The enumerated offenses, including "burglary of a dwelling," are "defined by their 'generic, contemporary meaning.'" *Id.* (quoting *Taylor v. U.S.*, 495 U.S. 575, 598 (1990)). Courts look to "a wide range of sources to determine the generic meaning of an enumerated offense, including federal and state statutes, the Model Penal Code, dictionaries, and treatises." *Rivera-Oros*, 590 F.3d at 1126-27 (citing *Taylor*, 495 U.S. at 598).

In order to determine whether a conviction meets the generic definition of an enumerated offense, courts ordinarily apply "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor*, 495 U.S. at 600. The statutory definition "does not need to match the generic definition verbatim." *Rivera-Oros*, 590 F.3d at 1132. Rather, "[i]f the statutory definition of the prior conviction 'substantially corresponds to generic burglary [of a dwelling],' our inquiry is at an end." *U.S. v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010) (quoting *Taylor*, 495 U.S. at 602). "If the statutory definition . . . proscribes a range of conduct" beyond the generic definition, courts "employ a modified-categorical approach that 'goes beyond the mere fact of conviction' and determines whether 'the

charging paper and jury instructions" required finding the elements of the generic definition. *Id.* (quoting *Taylor*, 495 U.S. at 602).

   c. <u>Whether New Mexico's definition of "dwelling" substantially corresponds with the generic definition of "dwelling"</u>

The first issue before the Court is whether "dwelling" in section 30-16-3(A) "substantially corresponds" with the definition of "dwelling" in the Guidelines section 4B1.2(a)(2). Petitioner argues the definitions do not substantially correspond because "dwelling," as interpreted by New Mexico courts, includes areas that are not used or intended for use as human habitation; for example, a garage that is not internally connected to a home. (CV Doc. 11 at 10) (citing *State v. Ervin*, 1981-NCMA-068, 630 P.2d 765 (N.M. Ct. App. 1981)). Petitioner asserts this definition conflicts with the generic definition of "dwelling," which includes only those areas actually used or intended for use as human habitation. (CV Doc. 11 at 10). Respondent replies that New Mexico defines "dwelling" as "any structure, any part of which is customarily used as living quarters," and that comports with the generic definition of "dwelling." (CV Doc. 11 at 14) (citing *State v. Lara*, 1978-NMCA-112, 587 P.2d 52, 53 (N.M. Ct. App. 1978)).

In *Rivera-Oros*, the Tenth Circuit Court of Appeals exhaustively discussed the generic definition of "burglary of a dwelling." 590 F.3d at 1128-1133. The discrete question before the court was whether a "dwelling" includes only permanent, immovable structures. *Id.* at 1129. After considering circuit precedent, out-of-circuit decisions, treatises, and Black's Law Dictionary, the Tenth Circuit stated that "'burglary of a dwelling' is not limited to permanent and immovable structures or buildings. Rather, a 'dwelling' includes any 'enclosed space that is used or intended for use as a human

5

habitation.'" *Id.* at 1132 (quoting *dwelling-house*, BLACK'S LAW DICTIONARY (9th ed. 2009)).

The Tenth Circuit then held that Arizona's definition of "residential structure" met the generic, contemporary definition of "dwelling." *Rivera-Oros*, 590 F.3d at 1134. Arizona's definition of "residential structure" includes an attached but not internally connected storage space. *State v. Ekmanis*, 901 P.2d 1210 (Ariz. 1995). In *Ekmanis*, the Arizona Supreme Court held that "residential structure" included a storage room under the same roof as a residence even though the storage room was not internally connected to the residence. *Id.* at . In *Rivera-Oros*, the Tenth Circuit cited *Ekmanis* with approval. 590 F.3d at 1134.

Other sources accord with this definition.  Black's Law Dictionary, for example, defines "dwelling-house" as a "building, *a part of a building* . . . or another enclosed space that is used or intended for use as a human habitation." *Dwelling-house*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). Further, several other state courts have defined "dwelling" in residential burglary statutes to include a room or area attached to a home even if the area is not internally connected to the home. *See People v. Debouver*, 205 Cal. Rptr. 3d 318 (Cal. Ct. App. 2016) (holding underground garage was a part of dwelling because they shared the same roof); *State v. Taylor*, 350 P.3d 525, 526 (Or. Ct. App. 2015) (holding that breezeway with no internal connection to a home was still part of the dwelling); *State v. Moran*, 324 P.3d 808 (Wash. Ct. App. 2014) (holding utility space below home was part of the "dwelling," notwithstanding lack of access to interior of home); *State v. Bryant*, 775 So. 2d 596, 602 (La. Ct. App. 2000) (holding "carport storage room" was part of the home although it had no direct entrance

to the home); *Burgett v. State*, 161 Ind. App. 157, 314 N.E.2d 799 (Ind. Ct. App. 1974) (holding basement with an exterior entrance only was part of dwelling); *People v. Jimenez*, 651 P.2d 395 (Colo. 1982) (en banc) (holding attached garage part of a dwelling because "dwelling comprehends an entire building").

In this case, Petitioner was convicted of violating section 30-16-3(A), which prohibits "enter[ing] a dwelling house with intent to commit any felony or theft therein." New Mexico criminal jury instructions define "dwelling" as "any structure, any part of which is customarily used as living quarters." UJI 14-1631 NMRA; *Ervin*, 630 P.2d at 766. "Dwelling" does not include a detached, non-contiguous garage. *State v. Ross*, 1983-NMCA-065, ¶ 11, 665 P.2d 310, 313 (N.M. Ct. App. 1983) (holding detached garage was "not a part of the dwelling house proper"). It does, however, include a garage that is attached but not internally connected to a home. *Lara*, 587 P.2d at 53. In *Lara*, the New Mexico Court of Appeals held that a garage was part of a "dwelling" even though the garage only shared a wall with the home and did not contain a door into the home. *Id.*

Petitioner cites *Lara* for the proposition that New Mexico's definition of "dwelling" exceeds the contemporary, generic definition of "dwelling." (CV Doc. 13 at 14-15). However, *Lara*'s holding comports with the Tenth Circuit's holding in *Rivera-Oros* and several state courts that have held the same. The Tenth Circuit cited Arizona's holding in *Ekmanis* with approval, indicating the Tenth Circuit includes attached rooms within the definition of "dwelling." Further, several other state courts have held that "dwelling" includes attached areas, like garages, even if they are not internally connected to a home. Finally, *Lara* does not conflict with Black's Law Dictionary's definition, which

includes "a part of a building" that is otherwise used for human habitation. Given the similarity between New Mexico's definition of "dwelling" and other contemporary sources' definitions, New Mexico's definition substantially corresponds with the generic, contemporary definition of "dwelling."

Because New Mexico's definition of "dwelling" substantially corresponds with the generic definition of "dwelling," the Court does not need to look "beyond the statutory definition" to determine whether Petitioner was convicted of generic "burglary of a dwelling." *Ramon Silva*, 608 F.3d at 665. Petitioner's convictions for "residential burglary" in New Mexico substantially correspond with "burglary of a dwelling," an enumerated crime of violence in section 4B1.2(a)(2). Thus, Petitioner was deemed a career offender for having committed an enumerated offense–not in reliance on the residual clause. Even if Petitioner prevails in his other arguments, he is still ineligible for relief under §2255 because he has not shown how his sentence infringed on his constitutional rights.

### III.   Recommendation

For the foregoing reasons, the Court finds that Petitioner was deemed a career offender for having been convicted of enumerated crimes of violence, namely "burglary of a dwelling." Petitioner's sentence was not calculated in reliance on the residual clause.

**IT IS THEREFORE RECOMMENDED** that Petitioner's *Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255*, (CV Doc. 3), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE